NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4031
_____

IN RE:  RONALD D. GIGLIOTTI and CAROL A. GIGLIOTTI,

Debtors


DANIEL R. BLACK; CARYN BLACK,

Appellants

v.

RONALD D. GIGLIOTTI; JOHN C. GIGLIOTTI;
CHRISTOPHER J. GIGLIOTTI; GIGLIOTTI AVIGNON, INC.;
THE GIGLIOTTI GROUP INC.; JANE OR JOHN DOE,
personal representatives Christopher J. Gigliotti, Sr. dec'd

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Civil Nos. 2-14-cv-02733, 2-14-cv-02734)
District Judge:  Honorable Michael M. Baylson

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2015

BEFORE:  FUENTES, NYGAARD, and ROTH, *Circuit Judges*


(Filed:  October 16, 2015)

_____

OPINION[*]

_____

NYGAARD, *Circuit Judge.*

Daniel and Caryn Black appeal the order of the District Court that affirmed the Bankruptcy Court's dismissal of their suit against Ronald and John Gigliotti. The Blacks contend the District Court erred by failing to reverse the Bankruptcy Court's ruling that the Blacks failed to meet their burden of proof to pierce the corporate veil of Gigliotti Avignon Associates, LLC. They also say the District Court improperly affirmed the Bankruptcy Court's denial of a motion to compel, impacting the Bankruptcy Court's deliberation of the motions for summary judgment. We will affirm the District Court's order.

This opinion does not have any precedential value. Therefore, our discussion of the case is limited to covering only what is necessary to explain our decision to the parties. We reach the same initial conclusion as the Bankruptcy Court and District Court: the case that is before us turns on whether the corporate veil of Gigliotti Avignon can be pierced to enable the Blacks to recover from Ronald and John Gigliotti on a state court judgment against the company.

The Blacks contend that there is no dispute that, on a number of occasions, large deposits were made into a Gigliotti Avignon escrow account, and that a short time later a

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

withdrawal would be made in a similar amount. However, the Blacks—who hold the evidentiary burden here—wished the District Court to infer solely from this account activity that Gigliotti Avignon masked, essentially, a criminal operation.

The District Court correctly reasoned that the Bankruptcy Court did not err by its conclusion that averring account activity, alone, falls far short of their burden. The District Court properly determined that the Bankruptcy Court referenced the correct legal standard to evaluate the significance of the record presented by the Blacks, and it correctly decided that they did not provide any evidence of, for instance:

> [G]ross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning officers and directors, absence of corporate records, and whether the corporation is merely a façade for the operations of the dominant stockholder.

*Pearson v. Component Tech Corp.,* 247 F.3d 471, 484-85 (3d Cir. 2001); *see also Trs of the Nat'l Elevator Ind. Pension, Health Benefit and Educ. Funds v. Lutyk*, 332 F.3d 188, 194 (3d Cir. 2003).

As a result, the District Court correctly affirmed the Bankruptcy Court ruling that the Blacks failed to meet their evidentiary burden to pierce the corporate veil.[1] This made it impossible to impose any obligation arising from the state court judgment on Ronald and John Gigliotti personally. Without such claims, there is no question that the Blacks' causes of action for nondischargeability are moot because they do not have any

---

[1] We do not reach the participation doctrine argument advanced by the Blacks to hold Ronald and John Gigliotti personally liable for malfeasance and tortious conduct because they never pleaded the participation doctrine.

3

enforceable obligations against Ronald and John Gigliotti that could be non-dischargeable.  (11 U.S.C. §§ 523(a)(2), (a)(4)).

Finally, the Blacks attempt to use Fed. R. Civ. P. 37 to link their late-filed and unsupported motion to compel (denied by the Bankruptcy Court) to a proposition that alleged "withheld materials" should have been removed from the record, gutting support for the Gigliottis' motion for summary judgment.  We see no error by the District Court in its conclusion that the Blacks' own motion for summary judgment signaled their understanding that discovery was closed.  The District Court correctly ruled that the Bankruptcy Court's disposition of the late-filed motion to compel was well within its discretion.  Moreover, the record amply supported summary judgment in favor of John and Ronald Gigliotti.

For all of these reasons, we will affirm the order of the District Court.

4